UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|        Plaintiff,        ) | |
| ) | |
| vs.        ) | No. 07 CR 843 |
| ) | Honorable Joan Humphrey Lefkow |
| ) | |
| ADAM SANDERS,        ) | |
|        Defendant.        ) | |

### DEFENDANT ADAM SANDERS' MOTION TO SUPPRESS EVIDENCE

Now comes defendant Adam Sanders, by his attorney, Linda Amdur, and respectfully moves this Court, pursuant to the Fourth Amendment of the United States Constitution and Rule 12(b)(3) of the Federal Rules of Evidence, to order the suppression of all evidence seized during the illegal search of the vehicle in which Adam Sanders was riding on November 13, 2006. Additionally, defendant Sanders requests that all fruits of the illegal search and his illegal arrest be suppressed, including any statements made by Adam Sanders and any evidence seized as a result of his custodial arrest. In support of this Motion the following is offered:

    1. Count One in this case charges Adam Sanders and fourteen codefendants with conspiracy to distribute controlled substances. Count Thirty-Two charges Adam Sanders on November 13, 2006, with possession with intent to distribute 50 grams or more of cocaine base in the form of crack cocaine.

    2. Investigation into the circumstances of this case began well before return of the criminal complaint on December 17, 2008. The investigation focused primarily on codefendant Rondell Freeman and his associates, whom ATF agents believed were selling large quantities of

narcotics in the Cabrini-Green public housing development. In June, 2005, ATF agents observed that Rondell Freeman routinely traveled to a condominium complex located at 5740 No. Sheridan Road in Chicago. The parking space used by Rondell Freeman was assigned to the tenant in Unit 3E. Further investigation revealed that Rondell Freeman's aunt owned the unit and that she was also associated with the address of 1230 No. Larrabee Street which is located in the Cabrini-Green Public Housing complex.

Between September 2005 and May 2007 ATF agents regularly surveilled the condominium complex located at 5740 No. Sheridan Road and did 17 trash pulls of trash bags discarded by Rondell Freeman. The discarded trash bags contained items associated with packaging narcotics. Between March 17, 2006, and May 18, 2006, in audio and/or video interceptions captured within Unit 3E, agents observed Rondell Freeman and associates packaging narcotics. Adam Sanders was not observed in Unit 3E.

3. On November 13, 2006, at 8:40 pm surveillance observed three adult male blacks walking from an entrance at 5740 No. Sheridan Ave. and enter a Dodge parked in Freeman's parking space. The Dodge traveled from 5740 No. Sheridan Ave. to Lake Shore Drive, traveled south on Lake Shore Drive exiting at North Avenue, and ultimately entered into a BP Gas Station located on the corners of Clark St., North Ave. and LaSalle St.

4. According to Chicago Police Department (CPD) Officer Munyon, after the Dodge pulled into the gas station, a male black subject approached the passenger side of the Dodge. He remained there for approximately 10 seconds. CPD Officer Munyon stated he observed the Dodge leave the gas station driving east towards Lake Shore Drive. CPD Officer Munyon stated that he observed the male black enter a maroon vehicle through the rear driver's side door. CPD

Officer Munyon drove into the gas station near the maroon vehicle. CPD Officer Munyon stated "he observed the male black in the backseat appear to be doing something low in the backseat area."

5. The maroon vehicle then exited the gas station south on LaSalle St. ATF Agent Jorgenson observed the vehicle south on LaSalle St. at North Avenue. ATF Agent Jorgenson observed the vehicle travel west on North Avenue and then south on Larabee.

6. CPD officers Schoenecker and Corlett stopped the vehicle southbound on Larrabee Avenue just south of Clybourn Avenue. CPD Officers approached the vehicle. The driver, a black female, provided information as Carmen Adcock, DOB 7/18/87, at 1230 N. Burling St., #1305. The passenger, a female black, was identified as Michaela Thompson, DOB 11/05/87, of 6609 N. Ashland Ave. Adam Sanders was sitting in the back seat.

7. CPD Officer Schoenecker told Adam Sanders to get out of the car. Sanders was handcuffed and placed in the back seat of the police squad car. CPD officers also had Ms. Adcock and Ms. Thompson get out of the car. CPD Officer Lorrenes #10453 came to the scene and searched Ms. Adcock and Ms. Thompson.

8. CPD Officer Schoenecker searched the backseat area of the maroon vehicle. CPD Officer Schoenecker provided the following information to ATF agents concerning the events that followed: He recovered a baggie containing narcotics under the front passenger seat. Ms. Adcock and Ms. Thompson were told they could leave, and Ms. Adcock drove the vehicle searched by Schoenecker from the scene. CPD Officer Schoenecker told Sanders that he was being taken to the police station at Western and Belmont in Chicago. CPD Officer Schoenecker told Mr. Sanders that he had "located his 'package' and that Mr. Sanders could either be arrested

or exchange three guns for his release." En route to Belmont and Western, Mr. Sanders stated that he could probably get two guns and not three. Mr. Sanders then asked to be taken to Noble and Division, rather than the police station at Belmont and Western.

9. CPD Officer Schoenecker then drove Adam Sanders to a BP Gas Station in the area of Noble St. and Division. CPD Officer Schoenecker provided the following information to ATF agents concerning the events at the BP gas station: Once at the gas station, Mr. Sanders told a subject at the gas station that he needed two guns. The subject got into his vehicle and left. Mr. Sanders told Officer Schoenecker that he needed to make some phone calls to have some one bring the guns to the area. Mr. Sanders made approximately ten to fifteen phone calls while he was handcuffed. Mr. Sanders made incriminating statements to CPD Officer Schoenecker while talking on the telephone and made incriminating statements regarding his knowledge of the contents of the baggie retrieved from the vehicle. Later, a Maroon Expedition arrived at the gas station and the driver advised Sanders that it would be ten more minutes. The vehicle then left.

10. At approximately 10:40 pm, Sanders received a phone call. According to CPD Officer Schoenecker, Mr. Sanders stated that the people with the guns did not feel comfortable dropping the guns off at the gas station, but they would drop them off down the street by the church (1100 Noble St.) dumpster. According to Officer Schoenecker, Sanders agreed to provide a third gun in two weeks.

11. CPD Officers drove with Mr. Sanders to the 1100 block of Noble St. CPD Officer Schoenecker retrieved two firearms next to a dumpster. Mr. Sanders was released.

12. On November 22, 2006, at approximately 2:00 pm, CPD Officer Schoenecker participated in a consensually recorded telephone conversation with Mr. Sanders. During the

call, Mr. Sanders supposedly said "What's up, Santa Claus?" and informed Officer Schoenecker that he, Sanders, would need a couple more weeks to locate the third firearm. Mr. Sanders never provided a firearm to Officer Schoenecker following November 22, 2006.

13. As a result of the vehicle search and custodial arrest of Mr. Sanders, the police recovered narcotics including in excess of 50 grams of crack cocaine (76 grams) from the maroon vehicle and two firearms ( 9 mm. Bonifacio Echeverria and .22 cal semi-automatic Beretta) at the dumpster at 1100 Noble St.   Also, both during his unlawful arrest and as a result of his unlawful arrest,  Adam Sanders made a number of incriminating statements that the government will seek to introduce at his trial.

14. Chicago Police officers and ATF agents working this case did not have a warrant to arrest Mr. Sanders or a warrant to search him or the vehicle in which he was riding.

15. The stop of the maroon vehicle in which he was riding was illegal. There was no probable cause to search the vehicle. The conduct of the driver and passengers in the vehicle failed to establish that they had committed, were committing, or were about to commit a violation of any federal, state, or local law.

16. A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement through means intentionally applied. Brendlin v. California, 127 S.Ct. 2400 (2007).  Moreover, a traffic stop entails the seizure of the driver as well as the seizure of the passenger, and thus the passenger is entitled to challenge the government's action under the Fourth Amendment.  Brendlin v. California, 127 S.Ct. 2400.

17. Mr. Sanders warrantless seizure and arrest constitutes a violation of the Fourth

Amendment to the United States Constitution which guarantees the rights of persons to be secure from unreasonable searches and seizures of their persons and provides that citizens not be deprived of liberty and property without due process of law.  Warrantless searches and seizures are per se unreasonable and the burden is on the government to establish that a search or seizure falls within a well-established exception to the warrant requirement.  Coolidge v. New Hampshire, 403 U.S. 443 (1971).

17.  Further, the Exclusionary Rule, Mapp v. Ohio, 357 U.S. 643 (1961), prohibits the introduction of evidence acquired directly or indirectly from an unreasonable search and seizure.  Evidence which is either the direct or indirect product of an illegal search or seizure must be suppressed.  Taylor v. Alabama, 475 U.S. 687, 691 (1982); Wong Sun v. United States, 371 U.S. 471, 486 (1963).

For all of the above reasons, Defendant Adam Sanders requests this Court enter an order suppressing  all evidence seized during the illegal search of the vehicle in which Adam Sanders was riding  on November 13, 2006.  Additionally, Defendant Sanders requests that all fruits of the illegal search and his illegal arrest be suppressed, including any statements made by Adam Sanders and any firearms seized as a result of his custodial arrest.

                                      Respectfully submitted,

                                      S/Linda Amdur
                                      Linda Amdur, Attorney for
                                      Defendant Adam Sanders

Linda Amdur
53 West Jackson Blvd.
Suite 1503
Chicago, IL 60604
(312) 347-9999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>           Plaintiff,           )<br>           )<br>           )<br>vs.           )           No. 07 CR 843<br>           )           Honorable Joan Humphrey Lefkow<br>           )<br>ADAM SANDERS,           )<br>           Defendant.           ) | |

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic case Filing (ECF), Defendant Adam Sanders' Motion To Suppress Evidence was served pursuant to the district court's ECF system as to ECF filers on August 20, 2008.

Respectfully submitted,

S/Linda Amdur
Linda Amdur, Attorney for
Defendant Adam Sanders
53 West Jackson Blvd.
Suite 1503
Chicago, IL 60604
(312) 347-9999