UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CR 843 |
| | ) | Honorable Joan Humphrey Lefkow |
| ADAM SANDERS, | ) | |
| Defendant. | ) | |

**DEFENDANT ADAM SANDER'S MOTION FOR REVIEW OF**
**MAGISTRATE'S DENIAL OF PRE-TRIAL RELEASE**

Now comes Defendant Adam Sanders, by his attorney, Linda Amdur, and hereby moves this Honorable Court for pretrial release. In support of this Motion, the following is offered:

**Facts**

Defendant Sanders is charged with conspiracy to distribute narcotics pursuant to 21 U.S.C. § 841(a)(1) in addition to other various drug related offenses. The government is seeking Mr. Sanders' detention on the ground that he is a danger to the community and a danger of flight. On April 2, 2008, Magistrate Judge Sidney Schenkier detained Mr. Sanders on both bases.

Prior to the charges in this matter, Mr. Sanders worked as a custodian at Cabrini Green Management Company and later worked as a painter in DuSable High School. He also attended Malcolm X College where he completed his Basic Skills General Intensive Level. Mr. Sanders ties to the community are endless. He grew up in the Cabrini-Green community and lived in the community almost his entire life. Immediately before his arrest, he took his daughter, Dazaria

1

Sanders to the St. Vincent de Paul Center pre-school everyday and picked her up at the conclusion of each day.  Mr. Sanders' brothers, sisters, fiancé, and mother – all live in Chicago or the greater Chicago area, and would be there to support him upon his release

### Argument

The Bail Reform Act provides judicial officers with several pretrial custodial options. 18 U.S.C. § 3142(a) and (e).  A defendant charged with an offense may be released on personal recognizance, released on conditions, temporarily detained to permit revocation of conditional release, or detained.  Id.  By far, the most severe of these options is detention without bail, as provided under 18 U.S.C. § 3142(e).

Before a "person may be detained, a detention hearing must be held in accordance with the procedures prescribed by 18 U.S.C. § 3142(f)." U.S. v. Dominguez, 783 F.2d 702. 704 (7th Cir. 1986).  Release may be denied only when there are no conditions that will reasonably assure the appearance of the defendant and the safety of the community.  U.S. v. Hammond, 204 F. Supp.2d 1157, 1161 (E.D. Wis. 2002).  In addition, "only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in favor of release."  Id., *citing*, U.S. v. Gerbo, 948 F.2d 1118, 1121 (9th Cir. 1991); U.S. v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985).

If a judicial officer finds probable cause to believe that the defendant committed a drug offense for which the maximum penalty is ten years or more of imprisonment, a rebuttable presumption arises that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community.  18 U.S.C. §3142(e).  In the present case, Mr. Sanders has been charged with conspiracy to distribute drugs.  These charges are sufficient to trigger the

presumption in 18 U.S.C. §3142(e).

When the presumption is triggered, the burden of production then shifts to the defendant who must present evidence that if released he will not flee or endanger the community. <u>United States v. Portes</u>, 786 F.2d 758, 764 (7th Cir. 1985). In addition, "any evidence favorable to a defendant that comes within a category listed in 18 U.S.C. § 3142(g) will suffice." <u>Id.</u> "Once rebutted, the presumption nevertheless remains in the case as an evidentiary finding militating against release, but the ultimate burden of persuasion rests with the government." <u>Id.</u>

When the government asserts that a defendant must be detained because he is dangerous, the government bears the burden of proving "by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community. <u>Portes</u>, 786 F.2d at 764. A defendant cannot be detained, unless a finding is made that no release conditions "will reasonably assure . . . . the safety of the community. . ." <u>Id.</u>

Furthermore, the "finding of dangerousness cannot be based on evidence that a defendant has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct." <u>Dominguez</u>, 783 F.2d at 707. In order to rebut this presumption, the defendant does not need to show that he is not guilty of the charged crime. <u>Id.</u> Instead, the defendant can "show that the specific nature of the crimes charged, or something about defendant's individual circumstances," suggests that "what is true in general is not true in the particular case. . ." <u>United States v. Jessup</u>, 757 F.2d 378, 394 (1st Cir. 1985).

Any evidence favorable to a defendant that comes within the categories listed in 18 U.S.C. § 3142(g) can affect the operation of one or both of the presumptions including evidence of their marital, family, and employment status as well as ties to and their role in the

community, and other types of evidence encompassed in 18 U.S.C. §3142(g)(3).  <u>Dominguez</u>, 783 F.2d at 707.

In this case, there are many factors which weigh in favor of finding that Mr. Sanders is not a flight risk or dangerous to the community.  First, Mr. Sanders has been a lifelong resident of Chicago.  Although born in Milwaukee, he has resided in Chicago since 3 years of age.  Second, he has a meaningful relationship with his fiancé Desareese Blake and with their daughter Dazaria Sanders.  Third, a majority of Mr. Sanders' family resides in Chicago.  Fourth, family members are prepared to pool their resources and post a bond of $10,000.  Fifth, according to the government's theory of the case, any alleged wrong doing by Adam Sanders was under the direction of or in association with Rondell Freeman who is now detained and will not be released because he is serving an IDOC sentence.

### TERMS AND CONDITIONS THAT WOULD ASSURE DEFENDANT'S APPEARANCE AND WOULD ASSURE THAT HE IS NOT A DANGER TO THE COMMUNITY

This Court can impose a variety of terms that will guarantee that Mr. Sanders will appear.  First, he may reside either with his fiancé, Desareese Blake, or with his sister, Roselle Brown.  Both are employed, have no criminal records, and are more than willing to install land lines at their residences.  Second, no matter where Mr. Sanders resides, either Desareese Blake or Roselle Brown will gladly act as third-party custodian.   Third, upon his release, Mr. Sanders could be placed in home detention with electronic monitoring to provide the Court with further assurance.  Lastly, Octavia Sanders in conjunction with her other siblings will endeavor to post $10,000 as security for bond for Mr. Sanders' release.

**Conclusion**

Although Mr. Sanders has been charged with a serious crime, he has been able to successfully overcome the presumptions for detention. He has affirmatively satisfied the conditions of release as provided in 18 U.S.C. § 3142(g) and has further demonstrated through case law the reasons for his release as well. Therefore, based upon all of the above reasons, Mr. Sanders respectfully requests this Honorable Court to release him pending trial.

                                        Respectfully submitted,

                                        S/Linda Amdur
                                        Linda Amdur, Attorney for
                                        Defendant Adam Sanders

Linda Amdur
53 West Jackson Blvd.
Suite 1503
Chicago, IL 60604
(312) 347-9999